STANARD, J.,
delivered the following as the resolution of the court:
The court is of opinion that the appellants were entitled to the aid of the court of equity, in recovering the amount agreed to be paid by the appellee, for the conveyance of their interest in the land mentioned in the deed from the appellants to the appellee, filed as an exhibit in the cause; the legal remedy for the recovery of the same having been successfully obstructed by the plea at law of the said deed, and the acknowledgment it contained of the receipt of the purchase money, as an estoppel to the claim in that forum. The court, without deciding whether this de-fence ought to have availed at law, is of opinion that in this case it is not for the appellee to say it ought not, while he enjoys the benefit of the successful use of it at law; and that the decree dismissing the bill is erroneous. Therefore the decree is reversed with costs. And this court proceeding to render such decree as the court below ought *to have ren *607 dered, it is adjudged, ordered and decreed that the appellants recover of the appellee the sum of 91 dollars 50 cents with interest thereon from the 10th of March 1836 till paid, and the costs by them expended in the superior court in the prosecution of their suit.
RECEIPTS.
I.Definition.
II. Effect of Receipt.
1. When It Is Obtained by Fraud.
2. As Evidence.
3. Parol Evidence to Vary.
4. In Deeds of Conveyance.
I. DEFINITION.
Receipts are either mere admissions of payments or delivery, or they contain a contract to do something- in relation to the thing- delivered. Tuley v. Barton, 79 Va. 387.
IS. EFFECT OF RECEIPT.
1. WHERE IT IS OBTAINED BY FRAUD.— Where, by collusion with one of two administrators, a debtor to the estate of the decedent pays a part of the debt, and procures a receipt for the whole, knowing that the other administrator is the sole acting-and responsible representative, the receipt is not acquittance for the whole debt, but equity will, notwithstanding, allow the debtor a credit for the payment actually made. Laidley v. Merrifield, 7 Leigh 346.
Alterations Render Receipt Open to Suspicion.— Every alteration on the face of a written instrument, such as a receipt, detracts from its credit and makes it suspicious, which suspicion the party claiming under it is ordinarily bound to remove. Elgin v. Hall, 82 Va. 680. In this case it was held that alterations on the face of receipts offered in evidence, being unexplained, rendered them worthless.
2. AS EVIDENCE.
Generally — Where a receipt is not impeached for mistake, error or fraud, it is evidence of a settlement of accounts between the parties, and is a ratification and acceptance of the payments claimed as credits in said receipt. Ruby v. Railroad Co., 8 W. Va. 269; Tate v. Jones, 98 Va. 544, 36 S. E. Rep. 984. Thus where a party accepts payment for certain work and receipts in full for all demands under his contract of labor, this receipt furnishes a complete defence to an action brought by him upon the con-ti act in which action he claims damages for the alleged failure of the other party to perform his part of the contract. Scott v. Norfolk, etc., R. Co., 90 Va. 241, 17 S. E. Rep. 882.
Receipt by Assignor Not Evidence against Assignee. —The acknowledgment, written or verbal, of the assignor of a claim, that the same has been paid to him, is no proof against the assignee, unless it be proved to have been made before the assignment; and the burden of proving this lies on the debtor. In such case the date of the acknowledgment or receipt will not be taken as prima facie true. Wilcox v. Pearman, 9 Leigh 144.
As Evidence of Settlement of Fiduciary Accounts.—
In Tate v. Jones, 98 Va. 544, 36 S. E. Rep. 984, an administrator had a settlement with the residuary legatees, and received receipts from them in full of their interests in the estate. He afterwards collected money on judgments in his favor as administrator, After the execution of such receipts, and until the administrator’s death, a period of some seventeen years, all parties in interest treated the accounts as settled; and after the administrator’s death no claim was made against his estate, except by complainant, an assignee of one of such legatees, who sued the administrator’s estate, for a settlement of his accounts. It was held that it must be presumed that the money collected on the j udgment was embraced in the receipts.
Best Evidence Rule — When Production Is Required.— Under the rule requiring the production of the best evidence, where a witness introduced by the plaintiff speaks of receipts which he had taken, the evidence ought to be rejected, unless he shows that they were lost or offers some other valid excuse for the failure to produce them. Hamlin v. Atkinson, 6 Rand. 574.
3. PAROL EVIDENCE TO VARY.
Generally —it is a general and well-settled rule that parol contemporaneous evidence is inadmis. sible to contradict or vary the terms of a valid written instrument. The rigor of this rule, however, is relaxed in its application to receipts as contradistinguished from contracts generally. In regard to receipts, it is to be noted that they may be either mere acknowledgments of payment or delivery, or they may also contain a contract to do something in relation to the thing delivered. Iii the former case, and so far as the receipt goes only to acknowledge payment or delivery, it is merely prima facie evidence of the fact, and not conclusive; and, therefore, the fact which it recites may be contradicted by oral testimony. But in so far as it is evidence of a contract between the parties, it stands on the footing of all other contracts. Tuley v. Barton, 79 Va. 387; Dolan v. Freiberg, 4 W. Va. 101.
A receipt for money which purports to be “in full, on account, to date,” does not import an agreement or contract between the parties, and is open to explanation or contradiction by parol proof. Dolan v. Freiberg, 4 W. Va. 101.
To Explain Receipt. — An attorney’s receipt for claims for collection may be so far added to by parol testimony as to show a contemporaneous additional contract on the part of the attorney to receive the claims as collateral security for debts due him from the client. But the liability of the attorney or transferee is only for the exercise of due diligence to collect those claims; and in neither capacity is he responsible for their loss, unless such loss be occasioned by his negligence. Tuley v. Barton, 79 Va. 387.
Covenant in Receipt Cannot Be Excluded by Parol Evidence. — An agreement that “all matters and things embraced by the within contract have been fully adjusted and settled, and this contract is, for value received, declared ended and settled,” cannot, in the absence of fraud or mutual mistake, be shown by parol testimony to have referred only to money accounts between the parties to the contract, and not to have included a covenant therein, on the part of the party paying the consideration for the release, not to engage in a certain business with any one else for a certain time. Bonsack Machine Co. v. Woodrum, 88 Va. 512, 13 S. E. Rep. 994.
4. IN DEEDS OF CONVEYANCE. — Where a vendor of land executes a deed of conveyance to the purchaser, in which he acknowledges receipt of the purchase money, and subjoins to the deed a re *608 ceipt in full for the saíne, he is not precluded from claiming' the balance due him in equity, where the whole purchase money was in fact not paid. Wilson v. Shelton, 9 Leigh 342; Radcliff v. High, 2 Rob. 271. See also, monographic note on “Estoppel" appended to Bower v. McCormick, 23 Gratt. 310.